UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY PEARSON,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

CASE NO. 2:15-cv-14031

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court are Plaintiff Beverly Pearson's objections to the Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 18). Magistrate Judge Patricia T. Morris considered the parties' cross motions for summary judgment and, on October 18, 2016, entered an R&R. (Doc. 17). In the R&R, Magistrate Judge Morris recommended that the Court grant the Commissioner's motion for summary judgment, deny Plaintiff's motion for summary judgment, and affirm the Administrative Law Judge's decision. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **GRANTS** the Commissioner's Motion for Summary Judgment (Doc. 16), and **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 14).

**II.    STATEMENT OF FACTS**

As the parties have not objected to the R&R's summary of the facts and procedural history, the Court adopts that portion of the R&R. (See Doc. 17, pp. 1-26).

## III. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's R&R

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the

2

magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B. Standard of Review Applicable to Social Security Cases

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

3

**IV. DISCUSSION**

    **A.  Dr. Lanser's Opinions**

Plaintiff first objection is rooted in her previously raised issue, which is that the ALJ erred by failing to give the opinion of her treating physician, Dr. Lanser, controlling weight.  Plaintiff contends that the in her determination of the matter, the Magistrate Judge erred in adopting an "erroneous" substantial evidence test.  The Court concludes that the Commissioner's evaluation of Dr. Lanser's opinion is supported by substantial evidence and is not erroneous as a matter of law.

The same argument was raised before and considered by the Magistrate Judge. The Magistrate Judge accurately noted that the ALJ provided specific reasons for assigning Dr. Lanser's opinion less than significant weight, including lack of adequate support and inconsistency with his own objective examination findings.  (Doc. 17 at 26 - 29).  Specifically, the R&R states:

> Noting some cognitive dissonance among Dr. Lanser's June 2012 clinical observations of 'normal gait' and 'no tenderness or mobility deficits . . . and only mildly reduced range of motion on the one hand, (Tr. 43)—and her same-day conclusions (in a separate form) that Pearson 'would require help with activities of daily living on bad days,' could 'occasionally lift less than 10 pounds,' and could only stand or walk for 'less than two hours during an eight-hour workday' on the other hand, (Id.)— does not, as Pearson suspects, 'mischaracterize[]' the record so much as interpret it.

(Doc. 17 at 27-8).  Further, the ALJ reasoned that Dr. Lanser's June 2013 treatment notes mirrors Pearson's subjective complaints:

> *'She states* that she can't sit for 6 hours or more during the day because the pain is unbearable. . . .  *She states* for example she was at a birthday party and couldn't even stay for the whole party and had to go home.  *She states* even if someone touches her back it sends severe pain. . . .  *She reports* ongoing pain and problems on a daily basis making it impossible for her to sit over 6 hours a day or to do any lifting, standing, walking etc

[sic] due to her significant pain. . . .  She has numbness *she reports* in the right leg.'

Plaintiff is mistaken in her contention that the ALJ's opinion failed to conform with the requirements of 20 C.F.R. § 404.1527, simply because it did not provide an exhaustive factor-by-factor analysis.  An exhaustive factor-by-factor analysis is not required under the regulation.  See Francis v. Comm'r of Soc. Sec., 414 F. Appx. 802, 804 (6th Cir. 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons . . . for the weight . . . give[n] [to the] treating source's opinion' — not an exhaustive factor-by-factor analysis.") (quoting 20 C.F.R. § 404.1527(d)(2)) (alterations in original).

Accordingly, the Magistrate Judge found the ALJ's discussion determining the weight to accord Dr. Lanser's opinion to be appropriate.

In Plaintiff's objection, she argues that the Magistrate Judge simply offers post-hoc rationalizations on behalf of the ALJ.  To the contrary, the R&R relies solely on the reasoning set forth in the ALJ's decision and not on after-the-fact rationalizations made on behalf of the ALJ.  To the extent that Plaintiff contends that the ALJ failed to discuss any specific inconsistencies, the portions of the R&R quoted above clearly demonstrate this is not the case.

### B.  Nurse Brooms' Opinions

Plaintiff next contends the Magistrate Judge erred in applying an erroneous standard in finding that the ALJ did not err by declining to grant significant weight to Nurse Brooms' opinions.

Plaintiff's objection with respect to this matter does not identify any specific error made in the R&R but rather rehashes the same argument presented before the

Magistrate Judge. The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation. See, e.g., Owens v. Comm'r of Soc. Sec., No 1:12-47, 2013 U.S. Dist. LEXIS 44411 (W.D. Mich. Mar. 28, 2013) ("Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge. This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations."); Davis v. Caruso, No. 07-10115, 2008 U.S. Dist. LEXIS 13713, at *5 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where Plaintiff "merely rehash[ed] his arguments" made before the Magistrate Judge).

### C. Harmless Error

Plaintiff's third objection is that the Magistrate Judge erred in finding that any failure of the ALJ to assign weight to an opinion of Nurse Brooms was harmless error.

Plaintiff contents that a treatment note of Brooms dated August 12, 2011, was not noted, discussed, or assigned weight in the ALJ's decision. The Magistrate Judge found that, because of the ALJ's decision to grant little weight to Broom's opinions, this omission was, at most, harmless error. Plaintiff again contends, "as noted in Objection Two, the bases given by the ALJ Decision for rejecting these other opinions were faulty." (Doc. 18).

To the extent that Plaintiff is reciting her previous objection, Plaintiff's second objection is overruled, as explained above. Plaintiff previously lead the Court to believe that this treatment note was drafted by Dr. Lanser, and not Brooms. To the extent that Plaintiff now asserts that the ALJ erred in not discussing this opinion from Brooms, that

6

argument is waived. See Swain v. Comm'r of Soc. Sec., 379 F. Appx. 512, 517-18 (6th Cir. 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived."). To the extent that Plaintiff's objection is not a recitation of its previous objection, and is not being raised for the first time, the Magistrate Judge did not err in finding that the ALJ's omission of this specific August 12, 2011 note was harmless error. An ALJ does not have to expressly discuss opinions from those determined to be an "other source," provided that the decision allows the Court to follow the ALJ's reasoning. See SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). The cases that Plaintiff provides in furtherance of her objection are not analogous to the case at hand. The ALJ discussed Brooms, and in discussing Brooms, assigned little weight to her opinions for the reasons stated in the record. Therefore, it cannot be said that the ALJ completely failed to acknowledge Brooms, or her opinions.

### D. No New and Material Evidence

Plaintiff's fourth and final objection is that the Magistrate Judge failed to cite any valid basis to support the finding of the ALJ that no new and material evidence had been submitted since the prior ALJ's 2011 decision. Once again, Plaintiff's objection with respect to this matter does not identify any specific error made in the R&R but rather rehashes the same argument presented before the Magistrate Judge. As stated above, the Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.

## V. CONCLUSION

7

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **GRANTS** the Commissioner's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**


Date:    March 31, 2017                      s/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                             United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2017.

                                             s/ Kay Doaks
                                             Case Manager